Maxwell SACHS, d/b/a Spring-O-Lator Mfg. Co., Plaintiff,

v.

MONTAGUE SHOE CO., Incorporated, Defendant.

Civ. No. 14757.

United States District Court
E. D. New York.
June 7, 1955.

**632**

Kane, Dalsimer & Kane, New York City, for plaintiff.

Abraham Friedman, Brooklyn, for defendant.

GALSTON, District Judge.

The complaint alleges an action for unfair competition and for a declaratory judgment in a case of actual controversy involving letters patent No. 2,407,-498 and No. 2,442,007, issued to Harry H. Johnson respectively on September 10, 1946 and May 25, 1948. The inventions relate to a shoe with a shank spring and stiffener.

The plaintiff alleges that he is in the business of licensing the manufacture and sale of shoes embodying the subject matter disclosed. His pending application for letters patent relate to an elastic inner shoe structure (this application has since the filing of the complaint resulted in the issuance of a patent, No. 2,691,227, hereinafter referred to as the Sachs patent). The shoes are sold under the trade-mark "Spring-O-Lator".

Defendant, as is set forth in the complaint, is the owner of the two Johnson patents, and the complaint alleges that the defendant has contended that the Johnson patents are valid and have been infringed by the plaintiff in its licensing of said Spring-O-Lator shoes. It is further alleged that defendant has caused notices of the alleged infringement to be sent to plaintiff's licensees. Plaintiff denies infringement of the Johnson patents, and alleges that those patents are invalid.

Defendant's answer has brought about this pending motion of the plaintiff, for it incorporates three counterclaims, two of which, the second and third, the plaintiff seeks to have dismissed.

Defendant's second counterclaim in substance alleges that it is a claim for unfair competition and a declaratory judgment in a case of actual controversy involving the Sachs patent issued on October 12, 1954. Paragraph 21 of the defendant's answer alleges that the plaintiff "has contended and now contends that the manufacture of shoes by the defendant embodying the subject matter and claims of the aforesaid Sachs patent, and that defendant's manufacture of shoes of the Spring-O-Lator type would constitute an infringement of the aforesaid Sachs Letters Patent No. 2,-691,227".

Plaintiff argues that this counterclaim seeks a hypothetical advisory opinion from this court as to the validity of the Sachs patent, and that the defendant does not allege that there has been any manufacture by defendant in accordance with the Sachs patent disclosure.

The difficulty with this argument is that Paragraph 21 of the answer does assert that defendant manufactures shoes which the plaintiff contends em-

body the subject matter and claims of the Sachs patent. Thus by virtue of the defendant's denial of that charge of infringement of the Sachs patent, there does seem to be a claim of actual controversy, even though the language of the aforesaid Paragraph 21 would make the meaning clearer if it were stated in terms that the defendant manufactured an infringement of the Sachs patent. However, enough is said to permit a justifiable inference to that effect. Therefore plaintiff's motion to dismiss the second counterclaim must be denied.

The third counterclaim in effect alleges an interference in the claims of the Johnson patent, No. 2,407,498, and the plaintiff's patent. The lapse of time between the issuance of the two patents would give pause to a conclusion that they were interfering patents within the scope of the Patent Act. However, the defendant should not be foreclosed from attempting to prove its asserted claim.

Johnson filed in 1944, and Sachs not until 1951.

35 U.S.C.A. § 291, reads in part:

"The owner of an interfering patent may have relief against the owner of another by civil action, and the court may adjudge the question of the validity of any of the interfering patents, in whole or in part. * * *"

Though there is in Paragraph 31 of the defendant's answer an allegation that the two patents contain claims and cover the same invention, there seems to be no warrant for that allegation. The Johnson patent and its claims are directed to a flexible sole, having incorporated within it a bent spring. On the other hand, the Sachs claims are directed to a stretchable member attached to the sole forwardly and rearwardly, but with an intermediate portion free of the sole and having a bridging position with relation to at least a forward shank portion of the sole.

There is a strong showing that the two patents differ in structure, and certainly in design. Nevertheless a dis-

missal of the counterclaim would amount to an adjudication which should not be based on motion; certainly not in the absence of something in addition to mere affidavits as supporting evidence.

Accordingly the motion in respect to the third counterclaim is also denied.

Settle order on notice.